IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ALLEN C. HAYNOS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-173 |
| | ) | |
| SIEMENS WATER TECHNOLOGIES CORPORATION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Presently before the Court are Defendant's "Motion to Dismiss Plaintiff's Amended Complaint Or, Alternatively, For Summary Judgment," (Docket No. [11]), its Brief in Support (Docket No. [12]), and Plaintiff's Brief in Opposition to same, (Docket No. [13]). Upon consideration of the parties' positions, and after evaluating the averments in Plaintiff's Amended Complaint, (Docket No. [10]), in light of the relevant legal standard on a motion to dismiss under Rule 12(b)(6), *see e.g., Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2008), *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010), Defendant's Motion to Dismiss [11] is DENIED.

To the extent that Defendant seeks dismissal of the Amended Complaint under Rule 12(b)(6), assuming the facts pled by Plaintiff as true, and resolving all reasonable inferences in his favor, the Court finds that he has set forth sufficient facts in support of his age discrimination claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*, to state plausible claims for relief under both statutes. (*See* Docket No. 10). The Court focuses its analysis on the only true dispute between the parties, i.e., whether the pleading sets forth sufficient facts which could plausibly

1

establish a claim for unlawful age discrimination by Defendant. (*See* Docket Nos. 12, 13). On this point, Plaintiff has pled that Defendant repeatedly denied his requests for training on 3D computer aided drafting ("3D CAD") equipment over a period of several years, including that his supervisor refused such requests and that this individual often harassed him and routinely referred to him as an "old timer." (*Id.* at ¶¶ 13, 15, 20, 29, 30, 35). Plaintiff also alleges that Defendant provided training on the 3D CAD equipment to six younger employees whom he identifies in his Amended Complaint. (*Id.* at ¶¶ 18, 20, 22-28, 31-32, 35). Plaintiff ultimately contends that Defendant terminated him because he lacked such training and that the comparable, younger employees have retained their respective positions. (*Id.* at ¶¶ 15, 17, 36, 38).

Plaintiff maintains that these allegations plainly set forth a plausible claim of age discrimination. (Docket No. 13). Defendant counters that such averments cannot constitute unlawful discrimination because Plaintiff admits that he lacks the qualifications to perform the position which requires 3D CAD training. (Docket No. 12). The Court agrees with Plaintiff's position.

The United States Court of Appeals for the Third Circuit has recognized that a defendant who denies training to an employee for discriminatory reasons cannot later take an adverse employment action against the employee due to the lack of such training. *See Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 540 (3d Cir. 1992) ("when an employer discriminatorily denies training and support, the employer may not then disfavor the plaintiff because her performance is affected by the lack of opportunity."); *see also Grassmyer v. Shred-It USA, Inc.*, 392 F. App'x 18, 28 (3d Cir. 2010) (quoting same). The Court of Appeals likewise has recognized that age discrimination may be inferred from the fact "that a plaintiff's

replacement was sufficiently younger to permit a reasonable inference of age discrimination."[1] *Ullrich v. United States Sec'y of Veterans Affairs*, 457 F. App'x 132, 138 n. 3 (3d Cir. 2012) (citing *Hill v. Borough of Kutztown*, 455 F.3d 225, 247 (3d Cir. 2006)). Plaintiff has alleged discrimination under both theories: (1) that he was denied training on 3D CAD systems based on discriminatory actions by his supervisor (and Defendant) and was terminated for a lack of such training; and (2) that younger, comparable employees were provided such training and retained while he was terminated. (*See* Docket No. 10). Based on these allegations, the Court finds that Plaintiff has pled sufficient facts to raise an inference of discrimination and defeat the present motion to dismiss. *See Ezold*, 983 F.2d at 540; *see also Ulrich*, 457 F. App'x at 138, n.3.

The Court further comments that it is quite apparent from Defendant's motion and brief that it contests many of the facts pled by Plaintiff. (Docket Nos. 11, 12). To this end, Defendant has set forth its own version of the facts in its brief and attached a declaration purportedly contesting the age of one of the alleged comparators. (Docket Nos. 12, 12-1). However, such matters are considered outside the pleadings, *see* FED. R. CIV. P. 12(d), and thus beyond the scope of the Court's review of the allegations in Plaintiff's Amended Complaint to resolve a motion to dismiss, s*ee Iqbal*, 556 U.S. 662; *see also Twombly*, 550 U.S. 544. Although Defendant has invited the Court to convert its motion to one for summary judgment and consider these matters, the Court declines to do so. Such a motion for summary judgment is both premature as it is filed before discovery has commenced and procedurally defective in that it does not conform to Local Rule 56. *See* W.D. PA. LCvR 56. Accordingly, to the extent that Defendant moves alternatively for summary judgment, said motion is also denied, without

---

[1] This Court has recently held that a plaintiff is not *per se* required to identify comparators in his or her complaint. *See Cypher v. California Univ. of PA, et al.*, Civ. A. No. 12-451, Docket No. 34 (W.D. Pa. Nov. 15, 2012). Moreover, when a plaintiff names the comparators in his complaint, like Plaintiff has here, whether the comparators are truly similarly situated is fact intensive and determined through discovery. *See Stabile v. Allegheny Ludlum, LLC*, Civ. A. No. 12-168, 2012 WL 3877611, at *5-7 (W.D. Pa. Sept. 6, 2012).

prejudice, to raising its arguments in a properly filed summary judgment motion at the conclusion of discovery.

For these reasons,

IT IS HEREBY ORDERED that Defendant's Motion [11] is DENIED;

IT IS FURTHER ORDERED that Defendant shall file an Answer to Plaintiff's Amended Complaint by **<u>November 30, 2012 at 12:00 p.m.</u>**

<u>*s/Nora Barry Fischer*</u>
Nora Barry Fischer
U.S. District Court

Date:   November 16, 2012

cc/ecf:  All counsel of record.