# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN C. HAYNOS, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. 12-173 |
| | ) Judge Nora Barry Fischer |
| SIEMENS WATER TECHNOLOGIES CORPORATION, | ) |
|     Defendant. | ) |

## MEMORANDUM ORDER

Presently before the Court is Defendant's "Motion for Reconsideration of Memorandum Order Denying Defendant's Motion to Dismiss Plaintiff's Amended Complaint." (Docket No. 15).[1] Upon consideration of Defendant's Motion (Docket No. 15), the Court's Memorandum Order (Docket No. 14) and the averments in Plaintiff's Amended Complaint (Docket No. 10), and for the following reasons, Defendant's Motion [15] is DENIED as Defendant has failed to establish that reconsideration of the Court's November 16, 2012 Memorandum Order is warranted.

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). The moving party bears a heavy burden to demonstrate that an order should be reconsidered and the Court will only grant such a motion if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court

---

[1] The Court notes that it set a deadline for Plaintiff to file any response to the instant motion by November 27, 2012. (Text Order 11/20/12). No response has been filed to date. Thus, the Court analyzes the pending motion in light of the previous Memorandum Order and the averments in Plaintiff's Complaint.

1

issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café*, 176 F.3d at 677 (citing *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Further, motions for reconsideration should not be used by parties as an attempt to reargue or re-litigate old matters or to express disagreement with a Court's ruling. *See E.E.O.C. v. U.S. Steel Corp.*, Civ. A. No. 10-1284, 2012 WL 1150799, at *6-7 (W.D. Pa. Apr. 5, 2012) (citations omitted).

Here, Defendant cites to an alleged factual error by the Court as the "sole basis" for its motion and, thus, challenges only the third prong of the reconsideration test. (Docket No. 15 at 1). In this Court's estimation, Defendant has failed to meet its burden to demonstrate that reconsideration of the Court's Order is appropriate for several reasons.

First, Defendant's motion must be denied because it raised nearly identical arguments in its motion to dismiss and said arguments were fully considered by the Court and rejected. *See E.E.O.C.*, 2012 WL 1150799, at *6-7. In the motion to dismiss, Defendant argued that:

> [Plaintiff] does not allege that any substantially younger, similarly–situated employee requested 3-D training from Siemens and received it. Plaintiff alleges that others "were trained in 3-D," but he does not allege that (1) others like him; i.e., employees who did not have prior 3-D training or experience (2) received 3-D training upon request from Siemens.

(Docket No. 12 at 9). Similarly, Defendant argues now that the "sole basis" for its motion is the failure of Plaintiff to "artfully" plead that "Siemens provided training on 3D CAD equipment to the alleged younger comparators identified in the Amended Complaint." (Docket No. 15 at 1). As both arguments pertained to the sufficiency of the averments in the same pleading, i.e., Plaintiff's Amended Complaint, this issue has already been decided by the Court in favor of Plaintiff and represents an improper attempt by Defendant to re-litigate this old matter. *See E.E.O.C.*, 2012 WL 1150799, at *6-7.

2

Second, Defendant has not moved to reconsider the Court's alternative ruling that Plaintiff sufficiently pled "that he was denied training on 3D CAD systems based on discriminatory actions by his supervisor (and Defendant) and was terminated for a lack of such training." (*See* Docket No. 14 at 3). In this regard, the Court found that

> Plaintiff has pled that Defendant repeatedly denied his requests for training on 3D computer aided drafting ("3D CAD") equipment over a period of several years, including that his supervisor refused such requests and that this individual often harassed him and routinely referred to him as an "old timer."

(*Id.* (citing Docket No. 10 at ¶¶ 13, 15, 20, 29, 30, 35)). These allegations remain sufficient to state a claim of age discrimination. *See Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 540 (3d Cir. 1992) ("when an employer discriminatorily denies training and support, the employer may not then disfavor the plaintiff because her performance is affected by the lack of opportunity."); *see also Grassmyer v. Shred-It USA, Inc.*, 392 F. App'x 18, 28 (3d Cir. 2010) (quoting same). As Defendant has not challenged this aspect of the Court's ruling, reconsideration must be denied.

Third, Defendant has not even established that the alleged erroneous factual finding by the Court was incorrect in light of the appropriate legal standard. On this point, Defendant ignores the controlling standard on a motion to dismiss which requires this Court to both: (1) accept all of Plaintiff's factual averments as true; and (2) resolve all reasonable factual inferences in his favor. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2008); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). The Court still finds that it is reasonable to infer from **all** of the facts pled in Plaintiff's Amended Complaint that Siemens provided 3-D training to younger employees and that it discriminated against him by

3

denying his repeated requests for training.[2]  (*See* Docket No. 10).  Defendant suggests that Plaintiff has not "artfully" pled these facts in his Amended Complaint.  (Docket No. 15).  However, the Supreme Court has recognized that a complaint need not be "a model of the careful drafter's art" or "pin plaintiffs' claim for relief to a precise legal theory" so long as it states "a plausible 'short and plain' statement of the plaintiff's claim."  *Skinner v. Switzer*, --- U.S. ----, 131 S.Ct. 1289, 1296, 179 L.Ed.2d 233 (2011).  That standard has been satisfied by Plaintiff here.

Finally, just as the Court pointed out in the prior Memorandum Order, (*see* Docket No. 14 at 3-4), Defendant has again attempted to defeat the averments in Plaintiff's Amended Complaint by interjecting its own version of the facts into the case, (*see* Docket No. 15).  Specifically, Defendant claims that "Plaintiff has not averred the material fact that Siemens provided 3D CAD training to any of his alleged comparators who were retained" and supports this proposition by stating that "[p]resumably, the reason he has not is that he knows he cannot.  These four alleged comparators all brought 3D CAD training with them to Siemens."  (Docket No. 15 at 2, n.2).  This is plainly improper at the motion to dismiss stage.

For all of these reasons, IT IS HEREBY ORDERED that Defendant's Motion [15] is DENIED.

IT IS FURTHER ORDERED that Defendant shall file its Answer by **December 10, 2012 at 12:00 p.m.**

> *s/Nora Barry Fischer*
> Nora Barry Fischer
> U.S. District Court

---

[2] With respect to Defendant's position that the Court's reference to "six" comparable employees is incorrect, (*see* Docket No. 15 at n.1), even if the Court accepted Defendant's argument, it would not change the Court's analysis.  Indeed, whether the correct number is four or six comparable employees, Plaintiff has sufficiently stated a claim of age discrimination under both the ADEA and the PHRA.

4

Date: December 3, 2012

cc/ecf: All counsel of record.